Estate of E. Homer Ett, Deceased, Maxine Jackson, Administratrix v. Commissioner.
Estate of Ett v. Commissioner
Docket No. 59391.
United States Tax Court
T.C. Memo 1957-206; 1957 Tax Ct. Memo LEXIS 42; 16 T.C.M. (CCH) 935; T.C.M. (RIA) 57206; October 31, 1957
*42 Roger L. Davis, Esq., for the respondent. KERN
Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax and additions to tax under sections 293(b) and 294(d)(2) of the Internal Revenue Code of 1939, against E. Homer Ett and Betty Ett, husband and wife, for the years 1944 to 1948, inclusive, in the following amounts: Additions to tax
Section
Section
Year
Deficiency
293(b)
294(d)(2)
1944
$ 3,105.28
$1,552.64
$173.08
1945
4,695.81
2,347.91
281.75
1946
2,761.92
1,380.96
148.80
1947
491.00
245.50
12.54
1948
979.72
489.86
49.30
Total
$12,033.73
$6,016.87
$665.47 The petition herein was filed by E. Homer Ett only. On November 1, 1955, respondent filed herein an answer in which he affirmatively alleged that for each of the taxable years petitioner filed a false and fraudulent income tax return, that petitioner, with intent to evade and defeat Federal income taxes, fraudulently understated his net income for each of the taxable years by substantial amounts, and that the deficiencies in income taxes determined in the notice of deficiency for the taxable years are due in whole or *43 in part to fraud or intent on the part of petitioner to evade taxes. A reply was filed herein on December 15, 1955, on behalf of E. Homer Ett by Maxine Jackson as administratrix of his estate, in which it was alleged that E. Homer Ett died on December 6, 1955. This reply was also signed by O. S. Thacker "of the firm of Thacker & Thacker Attorneys for Administratrix, and also Attorneys for Homer Ett during his lifetime." No motion was made asking that the caption of this proceeding be changed until at the time of the trial. On November 15, 1956, a notice was addressed by the Clerk of this Court to E. Homer Ett and contained the notification that this proceeding would be tried at Jacksonville, Florida, on February 4, 1957. This notice was not returned by the Post Office Department to the Clerk of this Court. When this case was called for trial at Jacksonville, Florida, pursuant to the said notice, there was no appearance on behalf of E. Homer Ett or the administratrix. Counsel for respondent informed the Court that he had had several conversations with O. S. Thacker, and O. S. Thacker was aware of and referred to the notice of trial addressed to E. Homer Ett, and that O. S. Thacker advised *44 counsel for respondent that neither he nor the administratrix of the estate of E. Homer Ett would appear before this Court in connection with this case. Thereupon, the motion of respondent to change the caption of this case was granted. There being no appearance by or on behalf of petitioner, the petition was dismissed for failure to properly prosecute insofar as it related to the deficiencies in tax determined by respondent. Thereupon, the case was submitted for trial and testimony was heard upon the affirmative allegations contained in respondent's answer. Findings of Fact E. Homer Ett was a resident of St. Cloud, Florida, during the calendar years 1944 to 1948, inclusive, and filed a joint Federal income tax return with his wife Betty Ett for each of such years with the collector (now district director) of internal revenue for the district of Florida. E. Homer Ett, hereinafter referred to as decedent, died on December 6, 1955, and Maxine Jackson was appointed administratrix of his estate by the county judge of Osceola County, Florida, on December 13, 1955. Decedent did not have or maintain books and records which adequately reflected his income during the taxable years. *45 During the course of various interviews with agents of respondent decedent gave contradictory explanations for the absence of such books and records. One of the explanations which could be checked was untrue. In order to ascertain petitioner's income during the taxable years, in the absence of such books and records, respondent's agents were forced to determine petitioner's income for the taxable years by the use of the socalled net worth plus personal expenditures method and corroborated the results thereby reached by consideration of petitioner's bank deposits during such period. A schedule reflecting the results reached by such method was exhibited to decedent who agreed with all the figures therein contained, with the exception of the amount of cash on hand as of December 31, 1943. Petitioner had cash on hand as of December 31, 1943, in the amount of $3,432.98. Decedent, during the year 1944, owned and operated a night club or roadhouse business located near an air base at Kissimmee, Florida. This business had a bad reputation in the community. A large part of the income of such business was realized from the sale of liquor. Because of the presence in that locality of a large *46 number of servicemen, a large amount of income was derived therefrom by decedent. After the purchase of such business and during the taxable years decedent cashed checks representing receipts of his business at his bank, but usually made one large deposit in his account each week consisting largely of currency. In 1944 his total bank deposits were $46,307.58, of which $36,825 was in cash and the balance in silver or checks. During 1944 and 1945 decedent had an arrangement with one of the officers of his bank whereby the officer would notify decedent whenever the hank had available a thousand-dollar bill, whereupon decedent would go to the bank and exchange currency in smaller denominations for the thousand-dollar bill. During those years decedent obtained at least ten 1-thousand-dollar bills from his bank. Some of these bills he used in the purchase of agricultural property. In 1953 decedent was indicted on a charge of income tax evasion for the calendar year 1946. He pleaded not guilty to this indictment but after trial before the United States District Court for the Southern District of Florida, before a jury, he was found guilty of attempting to defeat and evade a large part *47 of his income tax due and owing the United States of America for the calendar year 1946 and causing to be filed a false and fraudulent income tax return for said year, and was sentenced to imprisonment for a period of 2 years. Petitioner's net taxable income for the taxable years was as follows: 1944
$12,234.83
1945
16,315.62
1946
12,307.25
1947
3,913.30
1948
7,471.23
Of these amounts petitioner failed to report net taxable income for the taxable years as follows: 1944
$ 9,558.26
1945
12,220.71
1946
9,913.48
1947
[1] 4,522.79
1948
5,310.40
Part of the deficiencies for each of the taxable years is due to fraud with intent to evade tax on the part of decedent. Opinion KERN, Judge: The only issue left for our decision in this case is whether respondent erred in determining that there should be additions to decedent's income tax liability for the taxable years under section 293(b) of the Internal Revenue Code of 1939. In order to prevail on this issue the respondent has the burden of proving that a part of each of the deficiencies in decedent's *48 income tax determined by him was due to fraud on the part of decedent with intent to evade tax. The record in this case establishes that decedent consistently failed to report in the 5 taxable years large amounts of his income, that his manner of conducting business was not that of an honest taxpayer, and that with regard to one of the taxable years he was convicted after a jury trial in the United States District Court of filing a false and fraudulent income tax return. Upon consideration of these facts, and of the record as a whole, we have concluded that part of the deficiency for each of the taxable years was due to fraud with intent to evade tax on the part of decedent. Decision will be entered for the respondent. Footnotes
1. For this year decedent's tax return showed no income but a net loss of $609.49.↩